UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   SEP 1 9 2016   ★

LONG ISLAND OFFICE

-------------------------------------------------------------------X

ADVANCED FRESH CONCEPTS
FRANCHISE CORP.,

                              Plaintiff,                  ORDER

            -against-                      CV 15-2330 (LDW) (GRB)

NAYYARSONS DELI BAKERY CORP.;
NAYYARSONS NYC CORP.;
NAYYARSONS CORP.; MARIA NAYYAR,
As Administrator of the Estate of
ANIL NAYYAR; and SALIL NAYYAR,

                            Defendants.

-------------------------------------------------------------------X

WEXLER, District Judge:

Plaintiff, Advanced Fresh Concepts Franchise Corp. ("Plaintiff"), brings this diversity

action against the Defendants, Nayyarsons Deli Bakery Corp., Nayyarsons NYC Corp.,

Nayyarsons Corp. (collectively, the "Corporate Defendants"), Maria Nayyar, as Administrator of

the Estate of Anil Nayyar ("Maria"), and Salil Nayyar ("Salil"), alleging claims for a declaratory

judgment, breach of contract, conversion, unjust enrichment, money had and received and for an

accounting. The action arises out of a business relationship in which Plaintiff contracted with

Defendants to place its sushi counters in certain commissaries, cafes and grocery stores run by

Defendants. Pursuant to the terms of the parties' contract, Defendants collected the proceeds

from the sale of Plaintiff's sushi products, holding seventy-five percent in trust for Plaintiff, for

subsequent disbursement, and retaining twenty-five percent. Plaintiff alleges that Defendants

breached the contract by failing to deliver to Plaintiff almost $1 million that Defendants collected

from the sale of Plaintiff's sushi products.

-1-

Before the Court are motions to dismiss by each of the individual Defendants, Maria and Salil, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motions. To date, there has been no appearance in this action by any of the Corporate Entities.

In determining the sufficiency of the Complaint, the Court assumes that all of the allegations contained therein are true and draws all reasonable inferences in Plaintiff's favor, see Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007), mindful, however, that plaintiff is required to plead enough facts "to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The main argument asserted in both of the individual defendants' motions is that Plaintiff has failed to adequately allege that the Corporate Entities were alter egos of the individual defendants, such that the corporate veil should be pierced, allowing for individual liability. While the Court agrees that the Complaint is not the most artfully drafted document, upon consideration, the Court finds that Plaintiff's Complaint is sufficient, at this juncture, to plausibly allege an alter ego theory of liability. Plaintiff's claims for a declaratory judgment, breach of contract, conversion, unjust enrichment, money had and received and for an accounting are, therefore, adequately stated. Accordingly, Defendants' motions to dismiss are denied. Defendants are free, however, to renew their arguments on motions for summary judgment upon the close of discovery.

**SO ORDERED:**

Dated: Central Islip, New York
      September 19, 2015

LEONARD D. WEXLER
United States District Judge

-2-