# Report and Recommendation Upon Referral of a Motion for a Default Judgment and Motion to Confirm a Settlement Agreement to Magistrate Judge Brown

Case Name and Docket Number:   **Advanced Fresh Concepts Franchise Corp v. Nayyarsons Deli Bakery Corp., et al.**
**15-CV-2330 (DRH) (GRB)**

Pending before the undersigned, on referral from the Honorable Denis R. Hurley, are two motions.  *See* Electronic Orders dated September 28, 2018, and October 1, 2018.  First, plaintiff moves to confirm a settlement agreement between plaintiff and defendant Salil Nayyar ("Salil").  *See* Docket Entry No. ("DE") 169.  Second, plaintiff moves for a default judgment against defendants Nayyarsons Deli Bakery Corp. ("Deli Corp."), Nayyarsons NYC Corp. ("NYC Corp."), and Nayyarsons Corp., (collectively, the "Entity Defendants") and against Salil.  For the reasons that follow, the undersigned respectfully recommends that the Court grant the motion to confirm the settlement and retain jurisdiction for the purpose of enforcing the settlement agreement.  The undersigned further recommends that the Court grant the motion for default judgment as to the Entity Defendants but deny the motion as to Salil.

**Motion to Confirm Settlement Agreement**

"A settlement agreement is a contract that is interpreted according to general principles of contract law."  *Wells v. City of N.Y.*, 16-CV-825 (KAM)(ST), 2019 WL 1270816, at *3 (E.D.N.Y. Mar. 18, 2019) (citing *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007)).  "Settlement agreements are strongly favored in New York and may not be lightly cast aside."  *Id.* (citation omitted).  "A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it."  *Id.* (citing *Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d. Cir. 1974)).  Thus, the undersigned recommends that the Court so order the settlement and retain jurisdiction to enforce its terms if necessary.

However, by its terms, the settlement agreement explicitly "supercede[s], control[s] and override[s] any default judgment obtained by [plaintiff] AFC with respect to Defendant [Salil]."  DE 169-3 at ¶ 3.1; *see also* DE 169-1 at 5.  Thus, the undersigned recommends that the Court deny the motion for default judgment as to Salil.

**Motion for Default Judgment**

*Service of Process and Default*

X The record reflects that proper service was made on defendants.
- Nayyarsons Deli Bakery Corp. [DE 38]
- Nayyarsons NYC Corp. [DE 39]
- Nayyarsons Corp. [DE 40]

X According to the record, no answer, motion or other appearance was filed on behalf of defendant.

X The Clerk has properly entered notation of default pursuant to Fed. R. Civ. P. 55(a)
- Nayyarsons Deli Bakery Corp. [DE 44]
- Nayyarsons NYC Corp. [DE 44]
- Nayyarsons Corp. [DE 44]

*Liability*

Defendant's default constitutes "an admission of all well-pleaded allegations against the defaulting party."  *Vt. Teddy Bear Co. v. 1–800 BEARGRAM Co.*, 373 F.3d 241, 244 (2d Cir. 2004).  Nevertheless, the court

is "required to determine whether the [plaintiff]'s allegations establish [defendants'] liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 85 (2d Cir. 2009). Based upon examination of the complaint and motion papers, I find that plaintiff has demonstrated that the uncontroverted allegations, without more, establish the defendant's liability on the following cause(s) of action:

Count Two:    Breach of Written Agreement[1]

*Damages*

"To establish damages upon a default, the movant need only prove that the 'compensation sought relate[s] to the damages that naturally flow from the injuries pleaded.'" *OneWest Bank, N.A. v. Bianchini*, No. CV 14-3234 (DRH) (GRB), 2016 WL 1039491, at *2 (E.D.N.Y. Feb. 22, 2016), *report and recommendation adopted*, 2016 WL 1045533 (E.D.N.Y. Mar. 15, 2016) (citing *Greyhound Exhibitgrp., Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). Based upon review of affidavits and other documentary evidence, *see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp,* 109 F.3d 105, 111 (2d Cir. 1997) (court may rely upon affidavits and documents in calculating damages upon default), I find that plaintiff has established damages in the following amount(s):

| | |
|---|---|
| X Principal Damages [DE 170-2 at ¶ 4; DE 170-3] | $ $486,942.02[2] |
| X Pre-Judgment Interest at 10% from July 14, 2017 | $ $0[3] |
| X Costs [DE 32-1 at ¶ 5.5] (see Appendix A) | $ 12,303.02 |
| X Attorneys' Fees [DE 32-1 at ¶ 5.5] (see Appendix A) | $ 0[4] |
| Total Recommended Award | $ 499,245.04 |

---

[1] Plaintiff also seeks a declaration that the funds held by defendants were in express trust and should not be included in the defendants' bankruptcy estate. DE 170-1 at 12. Plaintiff seeks such a declaration "to assure [plaintiff's] trust res is not included as part of the [defendants'] bankruptcy estate. DE 170-1 at 12. While Salil filed a bankruptcy petition, that petition was dismissed by the bankruptcy court and no other defendant has declared bankruptcy. *Compare* DE 94 (notice of bankruptcy filing), *with* DE 108 (notice of dismissal of bankruptcy case). Thus, this request is not yet ripe for decision and should be denied.

[2] Plaintiff originally sought a different judgment amount in its motion papers, however, it provided a status report to the Court that additional payments were made, and additional interest has accrued. *See* DE 172. Thus, these figures stem from the updated figures in the status report.

[3] Because plaintiff brings causes of action under New York state law, an award of prejudgment interest is determined by New York state law. *Rhodes v. Davis*, 628 F. App'x 787, 792 (2d Cir. 2015). Under New York law, an award of prejudgment interest is in the discretion of the district court when a plaintiff seeks equitable relief. *Id.* at 793. Here, plaintiff seeks equitable relief in the form of a declaratory judgment and an equitable trust. DE 32 at ¶¶ 50–51, 67–70. Plaintiff's seeks 10% simple interest. *See* DE 170-1 at 10. This comes to a total of $339,159.96. DE 172-2. However, plaintiff provides no justification for seeking an interest rate of 10%. Thus, the undersigned recommends that the Court award pre-judgment interest at the rate of 9%, pursuant to New York State law. *See* C.P.L.R. 5004. Because plaintiff's previous interest calculations between payments involved a rate of 10%, the undersigned further recommends that plaintiff be given leave to renew its request for interest with updated calculations.

[4] The party seeking to recover attorneys' fees bears the burden of establishing the reasonableness of the hours spent and rates charged and are required to submit detailed contemporaneous records, documenting the services rendered in connection with the action, including the name and background of each attorney who worked on the matter, the date the services were performed, the hours spent, and the hourly rate charged. *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *see also N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Here, plaintiff seeks $83,027.75 in attorneys' fees. DE 170-1 at 11. Although plaintiff provided the attorneys' names and backgrounds, it did not submit contemporaneous records or information regarding the individuals performing the services but merely provided a description of those services in an affidavit. *See* DE 170-4 at 3–6. Thus, the undersigned recommends that plaintiff's request for attorneys' fees be denied without prejudice to renewal upon the submission of proper documentation for the fees sought.

# Appendix A to Report and Recommendation Upon Referral of a Motion for a Default Judgment/Inquest: Attorneys' Fees and Costs

*Case Name and Docket Number:*     Advanced Fresh Concepts Franchise Corp v. Nayyarsons Deli Bakery Corp., et al.
15-CV-2330 (DRH) (GRB)

**Costs[5]**

| Item | Cost Sought | Recommended Award |
|---|---|---|
| Filing Fee | $404.00 | $404.00 |
| Certificate of Good Standing for *Pro Hac Vice* Application | $25.00 | $25.00 |
| Service of Process | $1,454.85 | $1,454.85 |
| Fed Ex Charges | $650.95 | $650.95 |
| Postage | $61.14 | $61.14 |
| Printing | $188.87 | $188.87 |
| Online Litigation Calendaring | $140.00 | $0[6] |
| Legal Research | $7,243.97 | $7,243.97 |
| Travel | $7,403.97 | $7,403.97 |
| Total Costs | $12,443.02 | 12,303.02 |

**Conclusion**

  The undersigned respectfully recommends that the Court grant the motion to confirm the settlement and retain jurisdiction for the purpose of enforcing the settlement agreement. The undersigned further recommends that the Court grant the motion for default judgment as to the Entity Defendants, and enter judgment in the amount of $499,245.04, but deny the motion for default judgment as to Salil.

---

[5] *Alland v. Consumers Credit Corp.*, 476 F.2d 951 (2d Cir. 1973) ("costs" generally include such expenses as filing fees); *see also Merchant Cash & Capital, LLC v. Progressive Rent A Car, Inc.*, 16 Civ. 3720 (AMD) (VMS), 2018 WL 4268908, at *7 (E.D.N.Y. Aug. 15, 2018), *report and recommendation adopted by*, 16-cv-3720 (AMD) VMS), 2018 WL 4265947 (E.D.N.Y. Sept. 5, 2018).

[6] Counsel has provided no authority indicating that calendaring expenses would ordinarily be charged to a client. Because such an expense would be more aptly described as an overhead expense, the undersigned does not recommend the award include this sum.

**Objections**

      A copy of this Report and Recommendation is being provided to plaintiff's counsel via ECF. Furthermore, the Court directs plaintiff (1) to serve copies of this Report and Recommendation by overnight mail to defendants at the last known addresses, and (2) to file proof of service on ECF within two days.  Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.** *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

| | |
|---|---|
| /s/ Gary R. Brown | August 30, 2019 |
| GARY R. BROWN, United States Magistrate Judge | Date |